**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

JESSICA NWOBODO,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC., and CAPITAL ONE N.A.,

     Defendants.

Case No.:  7:23-cv-00138

## NOTICE OF REMOVAL

Defendant Capital One N.A. ("Capital One"), by and through counsel, hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331 and 1441, and removes to this Court the action captioned *Jessica Nwobodo v. Midland Credit Management, et al.*, Cause No. CC25171 (the "State Court Action"), in the County Court at Law No. 2 of Midland County, Texas (the "State Court"). In support thereof, Capital One asserts the following short and plain statement of facts that entitle it to removal:

### I.       THE REMOVED CASE

1.       Plaintiff, Jessica Nwobodo ("Plaintiff"), commenced the State Court Action by filing a Complaint with the State Court on July 28, 2023.  A true and correct copy of the Complaint and Summons filed in the State Court Action is attached hereto as **Exhibit A**.

2.       Capital One was served a copy of the Complaint in the State Court Action on August 11, 2023.

3.      Therefore, this Notice of Removal is timely in that it was filed within thirty (30) days of the receipt of the Complaint and less than a year after the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 1446 (b).

4.      This Notice is filed in the proper division because the Court embraces the County Court, Midland County, Texas where Plaintiff's action is pending.  *See* 28 U.S.C. §§ 1441; 1446(a).

5.      No previous request has been made for the relief requested herein.

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

7.      Pursuant to 28 U.S.C. § 1446(b)(2)(a), Capital One states that upon knowledge and belief, it is the only defendant that has been properly served in this suit at this time.  Capital One does not believe that Co-Defendant Midland Credit Management, Inc. objects to the removal of this matter to this Court.

## II.      SUBJECT MATTER JURISDICTION

8.      Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.

9.      Removal of such cases is governed by 28 U.S.C. §§ 1331 and 1441(a). Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Further, Section 1441(a) states any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §§ 1441(a).

10.    Capital One may therefore remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This Court has original jurisdiction to hear this case on the basis of federal-question jurisdiction. 28 U.S.C. §§ 1331.  Capital One removes this action on this ground.

### A.    Federal Question

11.    Capital One removes this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has original federal-question jurisdiction under 28 U.S.C. § 1331.

12.    Plaintiff's claim in the State Court Action arises pursuant to federal law—*i.e*., the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

13.    The State Court Complaint alleges that Capital One failed to conduct reasonable investigations into one or more of her indirect credit reporting disputes made by way of a consumer reporting agency pursuant to 15 U.S.C. § 1681s-2(b).  *See* Ex. A.

14.    Because the Complaint asserts a claim against Capital One arising from its duties as an information furnisher under the FCRA, the Court therefore has subject-matter jurisdiction over this federal claim.

15.    To the extent the Complaint is construed to assert additional claims unrelated to Capital One's duties as an information furnisher arising under the FCRA, this Court has supplemental jurisdiction over those claims because they are so related to Plaintiff's federal FCRA claim that they form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367.

16.    Accordingly, this Court has subject-matter jurisdiction over this matter because it involves claims arising under the laws of the United States.

### III.    VENUE

17.    This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a), as the Western District of Texas embraces Midland County, where the State Court Action is pending.

### IV.    REMOVAL IS TIMELY

18.    "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

19.    This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because thirty days have not expired since the Complaint was served on Capital One.

### V.    NOTICE TO STATE COURT AND RESERVATION OF RIGHTS

20.    A copy of this Notice of Removal is being filed with the County Court at Law for Midland County, Texas and a written notice is being provided to Plaintiff pursuant to 28 U.S.C. §1446(d). A copy of the State Court Notice of Filing of Notice of Removal, without its exhibit, is attached hereto as **Exhibit B**.

21.    In filing this Notice of Removal, Capital One reserves all and does not waive any defenses.

WHEREFORE, Defendant Capital One respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that this action now proceeding against it be removed from the County Court at Law for Midland County, Texas, to this Court and that this action proceed in this Court as a properly removed action.

Dated: September 1, 2023          Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  */s/ Jared C. Lampson*
      Jared C. Lampson
      State Bar No. 24120960
      Jared.Lampson@hklaw.com
      98 San Jacinto Blvd., Ste. 1900
      Austin, Texas 78701
      Phone: (512) 954-6536
      Fax:   (512) 472-7473

ATTORNEYS FOR DEFENDANT CAPITAL ONE N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Capital One N.A.'s Notice of Removal was electronically filed via the CM/ECF system on September 1, 2023, which will provide a copy to all counsel of record.  Further, I hereby certify that the foregoing document was served on the following parties via U.S. Mail, first class postage prepaid:

Midland Credit Management, Inc.
350 Camino De La Reina
San Diego, CA 92108

*/s/ Jared C. Lampson*
Jared C. Lampson

# Exhibit A

Excerpt 2_081423037<sub></sub>

CITATION

**CLERK OF THE COURT**
Alex Archuleta, District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
WILLIAM CLANTON
926 CHULIE DR.

SAN ANTONIO, TX 78216

THE STATE OF TEXAS

**NOTICE TO CAPITAL ONE, NA:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."**

TO: **CAPITAL ONE, N A**

GREETINGS: "You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **COUNTY COURT AT LAW NO. 2** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **July  28th, 2023**

The file number of said suit being: **CC25171**

The style of the case is:

**JESSICA NWOBODO**
**VS**
**MIDLAND CREDIT MANAGEMENT, INC. AND CAPITAL ONE, NA**

A copy of **PLAINTIF'S ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on August  2nd, 2023.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: _____,
ROXANNA GALINDO

Except: 2  0814230377

CC25171

# OFFICER'S RETURN

## COUNTY COURT AT LAW NO. 2

**JESSICA NWOBODO**
**VS**
**MIDLAND CREDIT MANAGEMENT, INC. AND CAPITAL ONE, NA**

**ADDRESS FOR SERVICE**:
CAPITAL ONE, NA
BY SERVING OTS REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSS-LAWYERS INC.
211 E 7TH STREET SUITE 620
AUSTIN, TEXAS 78701

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIF'S ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to wit:

| Name | Date/Time | Place/Location |
|------|-----------|----------------|
| _    |           |                |
| _____ | _____ | _____ |

**NOT EXECUTED** FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being:_____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being:_____

_____,Sheriff

**FEES FOR SERVICE** $_____     _____, County, Texas
(Of Citation)

By: _____,Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**

### VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome. Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
address                    (First, Middle, Last)
Is _____.
     (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____          _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

Excerpt 2 0814230378
CITATION

| | |
|---|---|
| **CLERK OF THE COURT** | **ATTORNEY REQUESTING SERVICE** |
| Alex Archuleta, District Clerk | WILLIAM CLANTON |
| '500 N. Loraine Street, Suite 300 | 926 CHULIE DR. |
| Midland, Texas 79701 | |
| | SAN ANTONIO, TX 78216 |
| THE STATE OF TEXAS | |

**NOTICE TO CAPITAL ONE, NA:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."**

**TO: CAPITAL ONE, N A**

GREETINGS: "You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **COUNTY COURT AT LAW NO. 2** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **July 28th, 2023**

The file number of said suit being: **CC25171**

The style of the case is:

**JESSICA NWOBODO**
**VS**
**MIDLAND CREDIT MANAGEMENT, INC. AND CAPITAL ONE, NA**

A copy of **PLAINTIF'S ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on August  2nd, 2023.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: _____,

ROXANA GALINDO

Except. 2 0814230379
CC25171

## OFFICER'S RETURN
**COUNTY COURT AT LAW NO. 2**

**JESSICA NWOBODO**
**VS**
**MIDLAND CREDIT MANAGEMENT, INC. AND CAPITAL ONE, NA**

**ADDRESS FOR SERVICE**:
CAPITAL ONE, NA
BY SERVING OTS REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSS-LAWYERS INC.
211 E 7TH STREET SUITE 620
AUSTIN, TEXAS 78701

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and
executed in _____ County, Texas by delivering to the within named defendant in person, a true
copy of this Citation together with the accompanying copy of the **PLAINTIF'S ORIGINAL PETITION,** with the date of
delivery endorsed thereon, at the following time and places, to wit:

Name                          Date/Time          Place/Location

__          _____    _____    _____

**NOT EXECUTED** FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____ ,Sheriff

**FEES FOR SERVICE** $_____          _____ , County, Texas
(Of Citation)

By: _____ ,Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**

### VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the
person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements
therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.
Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
address          (First, Middle, Last)
Is _____.
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____          _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

Except 2 0814230380

Alex Archuleta
District Clerk
Midland County, Texas
/s/ Angela Gardea

Midland County - District Clerk - County Court at Law Court



Cause No.
CC25171

| Jessica Nwobodo | § | In the District Court |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | |
| versus | § | _ Judicial District |
| | § | |
| | § | |
| | § | |
| Midland Credit Management, | § | |
| | § | |
| Inc. and Capital One, NA | § | |
| | § | |
| Defendants | § | Midland County, Texas |

Plaintiff's Original Petition

_____

### Discovery Level

1. Plaintiff intends to conduct discovery under Level 3 per Tex. R. Civ.

   P. 190.3. Plaintiff respectfully request the Court enter a scheduling

   order at its earliest convenience.

### Statement of Claim

2. Per Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $250,000

   but not more than $1,000,000 and demands a judgment for all the

Except 2 0814230381

other relief to which the party is entitled.

## Jurisdiction and Venue

3. This Honorable Court has jurisdiction of this matter as Plaintiff's damages are in excess of this Court's jurisdictional threshold.

4. Venue is proper in Midland County as all or a substantial portion of the acts and omission giving rise to Plaintiff's claims occurred here.

## Parties

5. Plaintiff, Jessica Nwobodo, is a natural person who resides in Midland County, Texas.

6. Defendant Midland Credit Management, Inc., is a Kansas corporation, whose mailing address is 350 Camino De La Reina San Diego, Ca 92108-3007. Midland may be served via Corporation Service Company D/B/A CSC-Lawyers Inc, its registered agent, at 211 E 7th Street, Suite 620 Austin, TX 78701.

7. Midland is part of one of, if not the largest, debt collectors in the world. It pays pennies on the dollar for defaulted debts and each year collects billions of dollars on these debts. Its collections efforts are primarily consumer debts.

8. Defendant Capital One, NA is a Virginia Corporation with a mailing address of 1600 Capital One Dr., 7th Floor, Mclean, VA 22102.

Except 2 0814230382

> Capital One may be served via Corporation Service Company
>
> D/B/A CSC-Lawyers Inc, its registered agent, at 211 E 7th Street,
>
> Suite 620 Austin, TX 78701.

## Facts

9. Plaintiff fell behind on some of her personal and household debts, after some time she was able to repay them. Before she made repayment she wanted attempt mitigate the impact of these debts. She decided to restrictively endorse her checks and see if her creditors would accept them.

10. In a letter dated December 12, 2022 Nwobodo sent Midland an offer to settle her debt in full for $500. She explained in the letter that her offer was for full settlement of the account and enclosed a check with a restrictive endorsement to that effect. The balance on the account was $1,189. The December offer letter was sent via CMRRR # 1021 0950 0000 4963 9894.

11. The restrictive endorsements on the check sent to Midland included:

12. Amount satisfies settlement of account in full;

13. Cease all collections activities; and

14. Removal of account from all credit reporting agencies no more than 30-days post-endorsement.

Except 2 0814230383

15. Ten days later, Midland received the December offer letter and restrictively endorsed check. Midland accepted and deposited the restrictively endorsed check. By accepting and depositing Nwobodo's checks Midland's accepted the terms thereof.

16. On December 28, 2022 Nwobodo's bank honored the check. However, Midland failed to honor her endorsement in that it:

   a. Failed to mark her account as paid in full;

   b. Failed to cease all collection activities; and

   c. Failed to cease credit reporting of the account.

17. Similarly, on December 13, 2022 Nwobodo sent Capital One an offer letter. This letter offered to settle her account for payment of the full balance of $726.98 with a check restrictively endorsed. Unlike the Midland offer letter, the Capital One offer letter did not include a check, but promised to send one in 15 days.

18. Nwobodo sent the follow-up letter on December 17, 2022. She enclosed a check, as promised, for the full balance of $726.98. The check contained the restrictive endorsements that she mentioned in her letter.

19. Capital One deposited the restrictively endorsed check on December 28, 2022 and sent her a letter the same day stating that she had a zero balance. However, it failed to honor Nwobodo's endorsement

**Except 2 0814230384**

which required it to:

    a.  Settle the account in full;

    b.  Cease all collection efforts;

    c.  Update it credit reporting on the account to "Paid as Agreed"; and

    d.  Remove negative remarks and payment history from her consumer credit reports.

20. Following the  settlement of her accounts with Midland and Capital One, Nwobodo checked her credit reports. To her disappointment neither honored the endorsement.

21. Midland reported her payment, but did not adjust her balance. All three of Ms. Nwobodo's credit reports show that her remaining balance with Midland is still $1,189.00. Additionally, TransUnion and Experian were still reporting the account with Midland as open and in collections. Equifax was reporting the Midland account as "Closed".

22. Capital One reported her payment, but is reporting "Paid in full/was a charge off" (Experian), "Paid, Closed. $727 written off" (TransUnion), and "Paid and closed. Charge off" (Equifax).

23. The restrictively endorsed checks accepted by Midland and Capital One acted to fully satisfy Plaintiff's obligations.

Except 2 0814230385

24. On October 15, 2022 Ms. Nwobodo disputed the completeness and accuracy of Midland and Capital One's reporting of her accounts to the three major credit bureus: Equifax, TransUnion, and Experian ("CRAs") in accordance with 15 U.S.C. § 1681i(a)(2).

25. In accordance with the FCRA, Midland and Capital One are furnishers and are obligated to conduct an investigation with respect to the disputed information (15 U.S.C. § 1681-s(b)(1)(A)) including:

    a. Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title (15 U.S.C. § 1681-s(b)(1)(B));

    b. Report the results of the investigation to the consumer reporting agency (15 U.S.C. § 1681-s(b)(1)(C));

    c. If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis (15 U.S.C. § 1681-s(b)(1)(D)); and

    d. If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on

Except 2 0814230386

the results of the reinvestigation promptly—

    i.  Modify that item of information;

    ii.  Delete that item of information; or

    iii.  Permanently block the reporting of that item of information.

    15 U.S.C. § 1681-s(b)(1)(E)(i-iii).

26. Each bureau forwarded her disputes per 15 U.S.C. § 1681i to Midland and Capital One.

27. Midland and Capital One had 30 days to complete an investigation, review, and report back to the CRAs with corrections to Plaintiff's consumer report. 15 U.S.C. § 1681-s(b)(2).

28. Midland and Capital One failed to update the CRAs of the correct status of Ms. Nwobodo's accounts.

29. When an individual includes a restrictive endorsement on the back of a check that clearly indicates that the cashing of said check will resolve any disputes between amounts owed by parties it is valid under Texas law. *See Pileco, Inc. v. HCI, Inc.*, 735 S.W.2d 561, 562-563 (Tex. App.-- Houston [1stDist.] 1987, ref. n.r.e.); *see also Hixson v. Cox*, 633 S.W.2d 330, 331-332 (Tex. App.-- Dallas 1982, ref 'd n.r.e.).

Except 2 0814230387

30. An "unmistakable communication" that cashing a check with an express restrictive notation/endorsement is satisfaction in full of a debt binds the individual or organization cashing or depositing the check. *Pileco,* 735 S.W.2d at 563; *see also Jenkins v. Henry C. Beck Co.,* 449 S.W.2d 454, 455 (Tex. 1969); *see also Case Funding Network, L.P. v. Anglo-Dutch Petroleum, Int'l, Inc.,* 264 S.W.3d 38, 51 (Tex. App.—Houston [1st Dist.] 2007, pet. Denied; *First State Bank v. Knapp,* 3 S.W.2d 468, 469 (Tex. Civ. App.—Amarillo 1928, no writ); *see also Indiana Lumbermen's Mut. Ins. Co. v. State*, 1 S.W.3d 264, 266 (Tex. App.—Fort Worth 1999, pet. denied).

31. *Pileco* states:

> It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition.

*Pileco, Inc.,* 735 S.W.2d at 562 (quoting *Troup Feed & Farm Supply Co. v. Nash,* 442 S.W.2d 408, 410 (Tex. Civ. App. -- Tyler 1969, no writ); *see also City of Mesquite v. Rawlins,* 399 S.W.2d 162, 168 (Tex. Civ. App. -- Tyler 1966, writ ref'd n.r.e.).

32. If a creditor does not wish to accept a partial payment as full accord

**Except 2 0814230388**

and satisfaction of a debt, it "**must repudiate the transaction in toto and return the tendered draft**." *Id.* (citing *Stetson-Preston Co. v. H. S. Dodson & Co.*, 103 S.W. 685 (Tex. Civ. App. 1907, no writ)) [emphasis added].

33. The restrictive endorsements borne on the checks sent to, accepted by, and cashed by Midland and Capital One constitute unmistakable communications from Ms. Nwobodo to the Defendants—if you cash the check then the account is settled in full, you will cease all collection activities, and update/correct the information sent to the CRAs of the paid in full status of the debts.

34. Neither Midland nor Capital One repudiated the transaction in toto and returned the tendered payments to Plaintiff.

35. "The evidence offered in support of an accord and satisfaction must demonstrate that 'both parties agreed the amount paid by the debtor to the creditor fully satisfied the entire claim.'" *Hemink Farms, Ltd. v. BCL Constr., LLC*, No. 07-17-00457-CV, 2019 Tex. App. LEXIS 2209, *11 (Tex. App.—Amarillo Mar. 20, 2019, pet. denied) (quoting *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 788 (Tex. App.—Dallas 2002, pet. denied) (emphasis added)).

36. "Acceptance of a lesser amount, even under protest . . . results in an accord and satisfaction which is binding on the creditor and

Except 2 0814230389

precludes recovery for any unpaid amount." *Hixson v. Cox,* 633

S.W.2d at 330 (citing *First State Bank v. Knapp*, 3 S.W.2d 468, 469-

470 (Tex.Civ.App.-Amarillo 1928, no writ)).

37. Defendants' acceptance and cashing/depositing of the checks

containing the restrictive endorsements represents full satisfaction

and accord of the balances previously due to Midland and Capital

One. By cashing/depositing the restrictively endorsed checks,

Defendants "agreed the amount paid by the debtor to the creditor

fully satisfied the entire claim." *Avary*, 72 S.W.3d at 788.

38. Neither Midland nor Capital One modified the information they

were reporting in response to Nwobodo's October 15 disptues.

39. She sent another dispute to each of the bureaus.

40. The bureaus send her disputes to Midland and CapitalOne.

41. The inaccurate information was not corrected.

42. She sent a third set of dispute letters to each bureau.

43. The bureaus forwarded her disputes to Midland and CapitalOne.

44. The inaccurate information remained on her reports.

45. In January 2023 Midland reported to Experian that she owed the full

$1,189:

Except 2 0814230390

## Account Info

| | | | |
|---|---|---|---|
| Account Name | **MIDLAND CREDIT MANAGEMEN** | Balance | **$1,189** |
| | | Balance Updated | **01/06/2023** |
| Account Number | **31529XXXX** | Recent Payment | **$500** |
| Account Type | **Debt Buyer** | Monthly Payment | **$0** |
| Responsibility | **Individual** | Original Balance | **$1,189** |
| Date Opened | **10/25/2021** | Highest Balance | **$0** |
| Status | **Collection account. $1,189 past due as of Jan 2023.** | Terms | **1 Months** |
| Status Updated | **Oct 2021** | On Record Until | **Dec 2025** |

46. In March 2023, Experian reported that Midland had verified the

disputed information as accurate.

| MIDLAND CREDIT MANAGEM | 31529.... | Verified and Updated | The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details. |
|---|---|---|---|

| **Account name** | **Account number** | **Recent balance** | **Date opened** | **Status** |
|---|---|---|---|---|
| MIDLAND CREDIT MANAGEMEN | 31529.... | $1,189 as of 03/22/2023 | 10/2021 | Collection account. $1,189 past due as of Mar 2023. |
| 320 E BIG BEAVER RD STE 300 TROY, MI 48083 877 822 0381 | **Type** Debt Buyer | **Credit limit or original amount** $1,189 | **Date of status** 10/2021 | **Comment** Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |
| **Address identification number** 0705693054 | **Terms** 1 Months | **High balance** $0 | **First reported** 03/2022 | **Reinvestigation information** This item was updated from our processing of your dispute in Mar 2023. |
| **Original creditor** CAPITAL ONE BANK (USA), N.A. | **On record until** Dec 2025 | **Monthly payment** $0 **Recent payment amount** $500 | **Responsibility** Individual | |

# Causes of Action

*Negligent Violation of the Fair Credit Reporting Act Against Midland Credit Management, Inc.*

47. Plaintiff incorporates by reference all above paragraphs as though

fully stated herein.

Except 2 0814230391

48. Midland is a furnisher of credit information as that term is defined by 12 CFR § 1022.41(c).

49. Midland furnished data to TransUnion, Equifax, and Experian.

50. As a furnisher, Midland is required to participate in the reinvestigation conducted by the CRAs when Ms. Nwobodo disputed the accuracy of the debt reported by Midland.

51. Midland negligently failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681s-2(b).

52. Midland regularly conducts business in the State of Texas and must be aware of the laws governing its business practices in the state. Midland accepted a payment for a debt on a check bearing a restrictive endorsement. Midland has a duty to follow the laws of Texas when dealing with Texas consumers. To date, it has not.

53. As a result of this violation, Midland continues to report false and derogatory information on Plaintiff's consumer credit report.

54. Because of Midland's violations of the FCRA, Plaintiff suffered, and continues to suffer, damages including damage to her reputation, damage to her credit score, increased cost of credit, denials of new credit, worry, and stress.

55. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. § 1681o(b).

**Except 2 0814230392**

*Willful Violation of the Fair Credit Reporting Act Against Midland Credit Management, Inc.*

56. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

57. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

58. Midland is a furnisher of credit information as that term is defined by 12 CFR § 1022.41(c).

59. Midland furnished data to TransUnion, Equifax, and Experian.

60. As a furnisher, Midland is required to participate in the reinvestigation conducted by the CRAs when Ms. Nwobodo disputed the accuracy of the debt reported by Midland.

61. Midland was willful in failing to conduct a reasonable investigation in violation of 15 U.S.C. § 1681s-2(b).

62. Midland regularly conducts business in the State of Texas and must be aware of the laws governing its business practices in the state. Midland accepted a payment for a debt on a check bearing a restrictive endorsement. Midland is required to follow the laws of Texas when dealing with Texas consumers. To date, it has not.

63. As a result of this Midland's willful violations of the FCRA, Midland continues to report false and derogatory information on Plaintiff's

Except 2 0814230393

consumer credit report.

64. Because of Midland's willful violations of the FCRA, Plaintiff
    suffered, and continues to suffer, damages including damage to her
    reputation, damage to her credit score, increased cost of credit,
    denials of new credit, worry, and stress.

65. Per 15 U.S.C. §1681n Plaintiff seeks recovery of her actual damages,
    punitive damages, and reasonable attorney's fees and costs of the
    action.

*Negligent Violation of the Fair Credit Reporting Act Against Capital One.*

66. Plaintiff incorporates by reference all above paragraphs as though
    fully stated herein.

67. Capital One is a furnisher of credit information as that term is
    defined by 12 CFR § 1022.41(c).

68. Capital One furnished data to TransUnion, Equifax, and Experian.

69. As a furnisher, Capital One is required to participate in the
    reinvestigation conducted by the CRAs when Ms. Nwobodo
    disputed the accuracy of the debt reported by Capital One.

70. Capital One negligently failed to conduct a reasonable investigation
    in violation of 15 U.S.C. § 1681s-2(b).

71. Capital One regularly conducts business in the State of Texas and

Except 2 0814230394

must be aware of the laws governing its business practices in the
state. Capital One accepted a payment for a debt on a check bearing a
restrictive endorsement. Capital One is required to follow the laws of
Texas when dealing with Texas consumers. To date, it has not.

72. As a result of this violation, Capital One continues to report false and
derogatory information on Plaintiff's consumer credit report.

73. Because of Capital One's violations of the FCRA, Plaintiff suffered,
and continues to suffer, damages including damage to her reputation,
damage to her credit score, increased cost of credit, and denials of
new credit.

74. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. §
1681o(b).

*Willful Violation of the Fair Credit Reporting Act Against Capital One.*

75. Plaintiff incorporates by reference all above paragraphs as though
fully stated herein.

76. Capital One is a furnisher of credit information as that term is
defined by 12 CFR § 1022.41(c).

77. Capital One furnished data to TransUnion, Equifax, and Experian.

78. As a furnisher, Capital One is required to participate in the
reinvestigation conducted by the CRAs when Ms. Nwobodo

Except 2 0814230395

disputed the accuracy of the debt reported by Capital One.

79. Capital One was willful in failing to conduct a reasonable investigation in violation of 15 U.S.C. § 1681s-2(b).

80. Capital One regularly conducts business in the State of Texas and must be aware of the laws governing its business practices in the state. Capital One accepted a payment for a debt on a check bearing a restrictive endorsement. Capital One is required to follow the laws of Texas when dealing with Texas consumers. To date, it has not.

81. As a result of Capital One's willful violations of the FCRA, Capital One continues to report false and derogatory information on Plaintiff's consumer credit report.

82. Because of Capital One's violations of the FCRA, Plaintiff suffered, and continues to suffer, damages including damage to her reputation, damage to her credit score, increased cost of credit, denials of new credit, worry, and stress.

83. Per 15 U.S.C. §1681n Plaintiff seeks recovery of her actual damages, punitive damages, and reasonable attorney's fees and costs of the action.

*Violations of the Fair Debt Collection Practices Act against Midland Credit Management, Inc.*

84. Plaintiff incorporates by reference all above paragraphs as though

Except 2 0814230396

fully stated herein.

85. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

86. The debt is a consumer debt as defined by 15 U.S.C. § 1692a(5).

87. Midland is a debt collector as defined by 15 U.S.C. § 1692a(6).

88. Midland violated the FDCPA by using a false representation of "the character, amount, or legal status of [a] debt." 15 U.S.C. § 1692e(2)(A).

89. Midland continues to falsely represent to the CRAs that Ms. Nwobodo's debt has not been satisfied in full. It continues to report that Ms. Nwobodo owes a full balance of $1,189 even after accepting Plaintiff's restrictively endorsed check for $500 in full satisfaction and accord of the debt.

90. Plaintiff suffered, and continues to suffer, damages including damage to her reputation, damage to her credit score, increased cost of credit, denials of new credit, worry, and stress as a result of Midland's violation of the FDCPA.

91. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## Jury Demand

92. Pursuant to the Seventh Amendment to the Constitution of the

Except 2 0814230397

United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## Prayer

Plaintiff prays this Court enter judgment against Defendants and in favor of Plaintiff for:

    a.  Actual damages;

    b.  Statutory damages;

    c.  Punitive damages;

    d.  Mental anguish damages;

    e.  Attorney's fees and costs; and

    f.  All other relief Plaintiff may be entitled to at law or in equity.

Dated: July 25, 2023                Respectfully Submitted,

                                        */s/William M. Clanton*
                                        William M. Clanton
                                        Texas Bar No. 24049436

                                        Law Office of Bill Clanton, P.C.
                                        926 Chulie Drive
                                        San Antonio, Texas 78216
                                        Phone: (210) 226-0800
                                        Fax: (210) 338-8660
                                        Email: bill@clantonlawoffice.com

Except 2 0814230398



THE HONORABLE OFFICE OF

ALEX ARCHULETA

MIDLAND COUNTY DISTRICT CLERK

500 N. LORAINE STREET, 3RD FLOOR, MIDLAND, TEXAS 79701

OFFICE: 432-688-4500   FAX 432-688-4934

Enclosed is an Acknowledgement Form for you to complete and return to the District Clerk's Office. This is confirmation of your contact information.

Please complete and return to:

Alex "Lex" Archuleta
Midland County District Clerk
500 N Loraine, Suite 300
Midland, TX 79701

or

Email Address: AArchuleta@mcounty.com (Most Recommended)

Notify this office should your contact information change.

Thank you.

Midland County District Clerk's Office

By: _Roxana Galindo_
        ROXANA GALINDO
Deputy Clerk

Except 2 0814230399



THE HONORABLE OFFICE OF

ALEX ARCHULETA

MIDLAND COUNTY DISTRICT CLERK

500 N. LORAINE STREET, 3ᴿᴰ FLOOR, MIDLAND, TEXAS 79701

OFFICE: 432-688-4500   FAX 432-688-4934

# ACKNOWLEDGMENT

I, _____, on _____
            (PRINT NAME)                              (DATE)

have provided my email address, mailing address, and phone
number to the District Clerk's Office to receive future
correspondence.

_____

Signature

Email Address: _____
                          (Please print clearly)

Mailing Address: _____
                          (Please print clearly)

Phone Number: _____
                          (Please print clearly)

CAUSE NO. __CC25171__          _____
                                        CLERK'S SIGNATURE

**Except 2 0814230400**

⊘ **WOMEN IN TECH**

Hannah Creekmore

Virginia's Best
Process Service

571-449-7256
8/11/23 2:30



EIOM99900000860

EIOM99900000860

# IAL AND CONFIDENTIAL

# Exhibit B

**CAUSE NO. CC25171**

| | | |
|---|---|---|
| **JESSICA NWOBODO,** | § | **COUNTY COURT AT LAW NO. 2** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC., and  CAPITAL ONE N.A.,** | § | **MIDLAND COUNTY, TEXAS** |
| | § | |
| **Defendants.** | § | |

**PLEASE TAKE NOTICE** that on September 1, 2023, Defendant Capital One N.A., removed this action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  A copy of the Notice of Removal is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless this case is remanded from the District Court.

Defendant certifies that it has served copies of its Notice of Removal and this Notice of Filing Notice of Removal on Plaintiff's counsel of record and any other parties who have entered an appearance or otherwise been served with process.

DATED: September 1, 2023.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  _/s/ Jared C. Lampson_
    Jared C. Lampson
    State Bar No. 24120960
    Jared.Lampson@hklaw.com
    98 San Jacinto Blvd., Ste. 1900
    Austin, Texas 78701
    Phone: (512) 954-6536
    Fax:    (512) 472-7473

ATTORNEYS FOR DEFENDANT CAPITAL ONE N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 1st day of September, 2023, a true and correct copy of the foregoing

**NOTICE OF FILING NOTICE OF REMOVAL** was electronically filed via the Texas eFile

filing system and electronically served on all counsel of record.  In addition, I caused the foregoing

to be sent via U.S. mail to the following address:


Midland Credit Management, Inc.
350 Camino De La Reina
San Diego, CA 92108

*/s/ Jared C. Lampson*
Jared C. Lampson

2